RANDALL L. COLE, Circuit Judge.
The appellant was tried before a jury and convicted of intentionally burning grasslands in violation of Section 9-13-11, Code of Alabama 1975. The trial judge imposed a sentence of three years, with three months of the sentence to be served in the county jail and the remainder on probation. We affirm the conviction.
I
There was evidence at trial that the appellant intentionally started seven grass fires along Fob James Drive in a rural portion of Chambers County on October 4, 1981. The sufficiency of this evidence is not challenged by the appellant; however, he does challenge as insufficient the evidence offered by the state to prove that the land upon which the fires were set was not owned, leased, controlled or in the lawful possession of the appellant.
The. state sought to establish this element of the offense by proof that the land on which the fires were set was a part of the right-of-way of Fob James Drive. It is undisputed that all the fires were located either on the curb of the highway or within a few feet of the curb. The county engineer testified that the highway right-of-way map maintained by his office showed that the right-of-way for Fob James Drive was 170 feet wide and that the paved portion of the road located within the boundaries of the right-of-way was 42 feet wide, leaving unpaved right-of-way of 128 feet. The engineer testified that he had no personal knowledge of how far beyond the edge of the paved road the right-of-way extended at any given point, but that normally the paved portion of a roadway is constructed with substantially equal width of right-of-way on each side.
While the engineer’s testimony was not absolute proof that the land on which the fires were located was highway right-of-way, his testimony, taken together with evidence that the fires were burning on the curb or within a few feet of the curb, supplied sufficient evidence from which the jury could conclude that the fires were located on the highway right-of-way. Additionally, the jury had for its consideration the record of condemnation proceedings conducted in the Probate Court for acquisition of the highway right-of-way.
II
Next, the appellant contends that during closing argument the district attorney made an improper reference to the appellant’s failure to testify. The appellant moved for a mistrial as a result of the *834 comment but the motion was denied by the trial court. The district attorney’s comment was as follows:
“I agree, at one time he said that, and on another occasion he said something else. He didn’t know what happened. I take that back, he does know what happened, he’s just not telling it.”
The closing argument of the district attorney in its entirety is a part of the transcript before the court, and upon a reading of the entire argument, it is clear that the above remark did not refer to the defendant, but to a defense witness, Steve Andrews. There was nothing in the district attorney’s closing argument which reasonably could have been construed by the jury to be a comment on appellant’s failure to testify.
The court has considered the appellant’s claims of error and finds them to be without merit. Accordingly, IT IS ADJUDGED that the conviction should be, and it is hereby, affirmed.
The foregoing opinion was prepared by the Honorable RANDALL L. COLE, Circuit Judge, temporarily on duty on the court pursuant to Section 12-2-30(b)(6), Code of Alabama 1975; his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.